SCHOTT, Chief Judge.
On the application of defendant, M.P. O’Meara Oil Company, we grant certiorari in order to consider the validity of a September 4, 1992, judgment of the trial court denying relator’s motion for an independent medical examination of plaintiff-respondent, Frank Guerra.
Respondent was injured on December 3, 1989, while employed by relator as a roustabout on an offshore oil platform. He suffered a dislocated right ankle and fractured right foot. He was treated by Drs. Mc-Lachlan, Rodriguez and Mímeles, all selected or approved by ITT Hartford, relator’s worker’s compensation insurer. On May 9, 1991, Dr. Rodriguez performed a triple ar-throdesis on relator’s foot. All of this treatment was provided by ITT Hartford.
On March 31, 1992, respondent filed suit against relator for damages under the federal Jones Act and the general maritime law. On April 23, 1992, Dr. Rodriguez noted that respondent was having difficulty with his foot and considered the possibility of additional surgery consisting of a fusion of the ankle. Relator requested that respondent submit to an independent medical examination and upon respondent’s refusing relator filed a motion to compel the examination. The trial court denied the motion and relator invoked the supervisory jurisdiction of this court which we have chosen to exercise.
The trial court may order such an examination only on motion for good cause shown and after a contradictory hearing. LSA-C.C.P. art. 1424. Respondent’s treatment principally under Dr. Rodriguez had been ongoing for two and one-half years before this action was filed against relator. One month after the suit was filed relator learned that Dr. Rodriguez was contemplating a surgical procedure on plaintiff which could have serious financial ramifications in the present suit.
Respondent argues that he has already submitted to medical examinations by relator through its worker’s compensation car *1016 rier, ITT Hartford. Thus, he asserts that the present request is repetitive, cumulative, and burdensome. Relator’s present position as the defendant in a Jones Act— general maritime action makes it vulnerable to general damages which are entirely different from the scheduled damages recoverable under state worker’s compensation law. All of respondent’s previous medical treatment was supervised, orchestrated and paid for by ITT Hartford without relator's involvement. ITT Hartford had intervened in the present suit to recover its expenses. Consequently, relator’s request, for the first time, of an independent medical examination of plaintiff cannot be construed as repetitive or cumulative because of previous examinations made at the behest of ITT Hartford.
Fairness dictates that relator have its examination. In this new litigation relator is for the first time exposed to a substantial claim which could be increased significantly if the contemplated surgery, recommended after this suit was filed, is carried out. With all due deference to respondent’s right to privacy and to be free to litigate without submitting to medical examinations which are unduly burdensome, having his foot examined by relator’s physician should not be so difficult and is hardly unreasonable under the circumstances. The trial court’s denial of relator’s motion was an abuse of its discretion. Accordingly, the judgment of the trial court denying relator’s motion for an independent medical examination of respondent is reversed and the motion is granted. The matter is remanded to the trial court for implementation.
REVERSED AND REMANDED.
JONES and WALTZER, JJ., dissent with reasons.